UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIDGETTE EUBANKS, | Civil Action No.: 19-13582 |
| | Honorable Stephanie Dawkins Davis |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, *et al*., | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTIONS TO SHOW CAUSE WHY CONTEMPT OF
COURT SHOULD NOT BE FOUND [ECF NOS. 33, 34, 36]**

I.   **Introduction**

Defendants National Union Fire Insurance Company of Pittsburg, PA, Gerald Snype, and Greyhound Lines, Inc., move the Court to issue an order for non-parties Bushra Fadhil, N.P., Angela Roman, and Monsuru Bello, N.P., to show cause why they should not be found in contempt for failure to appear for depositions duces tecum. ECF No. 33; ECF No. 34; ECF No. 36. Bello is the only nonparty to respond and his attorney appeared for the June 7, 2021 motion hearing. ECF No. 38.

The Honorable Stephanie Dawkins Davis referred the motions to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 37. But this Court lacks jurisdiction to enter an order of contempt unless it is exercising consent jurisdiction under § 636(c). *See Faison v. State Farm Fire & Cas. Co.*, No. 13-CV-15014, 2015 WL 4274882, at *1 (E.D. Mich. June 18, 2015), *adopted*, No. 13-15014, 2015 WL 4274887 (E.D. Mich. July 14, 2015). The Court must instead proceed under § 636(e)(6)(B), which states:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The Court recommends that Judge Davis order non-parties Fadhil, Roman, and Bello to show cause why they should not be held in contempt for failing to obey the subpoenas duces tecum.

## II. Analysis

Federal Rule of Civil Procedure 45(g) says that a court "may hold in contempt a person who, having been served, fails without adequate excuse

to obey the subpoena or an order related to it." A court's discretion to find contempt "should not be used lightly." *Faison*, 2015 WL 4274882 at *2 (quoting *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir.2003). Defendants bear the burden of showing by clear and convincing evidence that the non-parties failed to comply with the subpoenas. *Faison*, 2015 WL 4274882 at *2; *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Defendants have met that burden based on the following certified facts:

1. Defendants served Bushra Fadhil, N.P., with a subpoena to appear for deposition on November 30, 2020 and bring certain documents with her to the deposition. ECF No. 33-2; ECF No. 33-3; ECF No. 33-4.

2. Fadhil failed to respond to or comply with the subpoena. ECF No. 33-5.

3. Defendants served Angela Roman with a subpoena to appear for deposition on February 18, 2020 and bring certain documents with her to the deposition. ECF No. 34-3; ECF No. 34-4.

4. Roman failed to respond to or comply with the subpoena. ECF No. 34-5.

3

5. Defendants served Monsuru Bello, N.P., with a subpoena to appear for deposition on September 15, 2020 and bring certain documents with him to the deposition. ECF No. 36-4; ECF No. 36-5; ECF No. 36-6.

6. Bello failed to respond to or comply with the subpoena. ECF No. 36-7.

7. Defendants moved for Fadhil to show cause why she should not be held in contempt for failure to comply with the subpoena. ECF No. 33.

8. Fadhil did not respond to defendants' motion to show cause.

9. Defendants moved for Roman to show cause why she should not be held in contempt for failure to comply with the subpoena. ECF No. 34.

10. Roman did not respond to defendants' motion to show cause.

11. Defendants moved for Bello to show cause why he should not be held in contempt for failure to comply with the subpoena. ECF No. 36.

12. Bello responded to the motion and his counsel appeared at the June 7th hearing. ECF No. 38.

13. Bello's argued that he could not remember being served with the subpoena, but defendants filed a proof of service. ECF No. 36-6.

14. Bello's argument that defendants should have served attorneys who represent him in a separate but related state court case is contrary to Rule 45(b), which requires service on "the named person."

15. Finally, Bello's argument that "there is nothing justiciable before this Court," ECF No. 38, PageID.1037, lacks merit. Bello provides no legal support for his assertion that defendants may not compel discovery here when the same discovery is relevant to a separate action.

### III.   Conclusion

Because of the above certified facts, the Court **RECOMMENDS** that defendants motions to show cause, **ECF No. 33; ECF No. 34; ECF No. 36**, be **GRANTED**, and that non-parties Bushra Fadhil, N.P., Angela Roman, and Monsuru Bello, N.P., be ordered to appear before Judge Davis to show cause why they should not be held in civil contempt for failure to comply with subpoenas.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 9, 2021

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2021.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager